The opinion of the Court was delivered by
Hott, J.
The covenant in this case is not in express terms a covenant of seisin, neither is it a covenant for quiet enjoyment. The question therefore is, what is the effect of a covenant couched in the terms that this is ? If it was to be determined upon the authority of English decisions, perhaps the event would be doubtful, though there are cases in the English books which strongly favor the opinion attempted to be supported by the plaintiff’s counsel. 10 Mod. 142. Hobart, 12. 1 Sel. 442. Carthew, 97. 1 Salk. 137. 1 Sel. 478.
But we need not perplex ourselves with a display of legal lore, since the question appears to have been well settled by the practice and decisions of our own *Court. In the case of Pringle v. Executors of Witten, the Court held that an action would lie before eviction.[*188 L 1 Bay, 256, It is true, that in that case, the defendant’s testator had covenanted that he was seized' in fee. But in the opinion of the Court, after observing, “that in a covenant for peaceable enjoyment, or on a general warranty, the action would not lie at common law, without a previous eviction.” They say, “ in a case where title and quantity are both warranted that doctrine does not apply.” They further observed, “ in the latter cases, wherever there is a covenant for good title, and for the whole quantity, in each of these cases, the action of covenant would lie,” without eviction. 1 Bay, 259.
I do not know what can be meant by “a covenant for good title, and for the whole quantity,” if the covenant in question is not one. With regard to what was observed of a covenant for peaceable enjoyment, it was not a point before the Court; therefore there was no necessity for the judges to have given an opinion upon it.
The case of the Administrators of Bell against the Administrators of Huggins, was an action of debt on bond for the purchase money of a tract of land in which the defendant was allowed to set up the breach of warranty by way of defence. 1 Bay, 326. In that ease also, there was a covenant that the grantor was lawfully seized. And I quote it only to show that the ground taken was, that as the party was entitled to an action of covenant before eviction, he was entitled under the same circumstances to set up the breach of covenant by way of defence. And I take it that the converse of the proposition would hold good. A party cannot avail himself of such a defence, until the covenant is broken, and as soon as the covenant is broken, he is entitled to an action. And if he can prove a breach of covenant in one case, by showing a title paramount in another person, without eviction, he can in the other. The principle in both is precisely the same.
Standing, for the motion. Mayrant, contra.
In the case of Sumter v. Welsh, 2 Bay, 558,[1] the action *was J for the purchase money, and the warranty was the same as in the case now under consideration, yet the Court allowed the defendant to show a title paramount in another person, although there had been no eviction.
In the ,case of Mitchell and Vaughan,[2] which was an action of the same description, the same defence was allowed, although resisted on the same ground that the action now is. Since that time the cases have been numerous. They have indeed passed without opposition, becauee the law was thought to be too firmly established to be questioned. And if we are to set afloat decisions which have been solemnly made, and which have been universally acquiesced in for fifteen years, we shall never know when to consider the law as settled. These decisions are entitled to more than ordinary respect on account of the extensive class of cases which they embrace.
The most of the deeds now drawn in this State are according to the form prescribed by the Act of 1195,[3] in which the covenant is in the same words as in the deed now before us, and this sort of defence is of such frequent occurrence, and that without any regard to the particular nature of the covenant contained in the deed, that it may be considered as one of our best settled rules of law and practice. Indeed, it is a principle so deeply ingrafted into the body of our law, that to extirpate it, would be attended with mischief, little less than the abolition of the first rule of evidence.
I am of opinion, therefore, that the nonsuit ought to be set aside.
Colcock, Johnson and Richakdson, JJ., concurred.

 Brev. 539.

 2 Brev. 100.

 5 Stat. 255.

 2 Bay. 558 ; 1 Brev. 539.

 2 Brev. 100.

 5 Stat. 255.

 2 Brev. 268.

 See Just. Inst. by Coop. 272, and note, p. 615; Dig. 2, 14, 7, 7; Dig. 21, 2, 70, &c. The value is to be considered at the time of eviction ; Dig. 19, 1, 45.

 See Vanleer v. Parr, 2 Rich. Eq. 348; Benson v. Coleman, 8 Rich. Eq. 49.

 1 McM. 38; Act of 1824, 6 Stat. 238; 1 McC. 466, 584; 2 McC. 413; 10 Rich. 64.